UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER MICHAEL GERRANS,<br>Defendant. | Case No. 19-cr-00327-EMC-1<br><br>**ORDER**<br><br>Docket Nos. 28, 31 |

On January 25, 2021, Lawrence Gerrans filed a "request to file a third-party objection" to the Government's decision not to seek a specified amount of restitution during the upcoming sentencing of his brother, Defendant Christopher Gerrans. *See* Docket No. 28.

During Defendant's sentencing hearing on January 27, 2021, the Court explained that it construed Mr. Lawrence Gerrans's request as a victim impact statement—not a formal objection—because Mr. Lawrence Gerrans did not have third-party standing to intervene in his brother's criminal case. *See United States v. Van Dyck*, 866 F.3d 1130, 1133 (9th Cir. 2017) ("As a general rule, individuals lack standing to intervene in criminal prosecutions."). The Government verbally asked the Court to remove the request from the docket because victim impact statements are usually not publicly available.

Victims are allowed to submit their impact statements or letters directly to the Court, without filing them publicly, because they typically contain deeply personal and sensitive information about the victims. In other words, courts allow victims to submit their impact statements off the record for the *victims'* benefit. Here, Mr. Lawrence Gerrans (the putative "victim") chose to file his statement on the record, and the Government has not offered any reason

it should not remain publicly available.  Neither the Government nor the Defendant have explained how they are prejudiced if the statement remains publicly available.  While there is disparaging information about Defendant Christopher Gerrans and Sanova's management, they have had an opportunity to rebut the assertions and, in any event, any prejudice thereby is not a sufficient basis to remove the filing from public view.  This is particularly true since the Court has indicated it does not credit Mr. Lawrence Gerrans's assertions.  Although the Court stated at the hearing it was inclined to remove the filing from the public record, it has determined it need not do so.

Accordingly, the Government's request to remove Mr. Lawrence Gerrans's request from the docket is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 29, 2021

_____
EDWARD M. CHEN
United States District Judge